UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 13-130-HRW

BRADLEY W. TAYLOR,                                                                     PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

AK STEEL CORPORATION, *et al.,*                                      DEFENDANTS.

## I. INTRODUCTION

This matter is before the Court upon AK Steel Corporation, AK Steel Corporation Benefit Plans Administrative Committee, and AK Steel Corporation Benefit Plans Asset Review Committee's Motion to Dismiss [Docket No. 15]. The motion has been fully briefed by the parties [Docket Nos. 21, 25 and 27]. For the reasons set forth below, the Court finds that Plaintiff Bradley Taylor has failed to state a claim upon which relief can be granted and, therefore, dismissal is proper under Fed.R.Civ.Proc. 12(b)(6).

## II. BACKGROUND

Plaintiff Bradley Taylor began his employment with AK Steel at its Ashland Coke Plant in Ashland, Kentucky in August of 1989. During his employment, Taylor accrued benefits under AK Steel's ERISA-qualified pension plan. He was a member of the United Steel Workers, Local Union No. 523 ("the Union"). [Complaint, Docket No. 1, ¶¶ 2, 3 and 5].

Taylor was discharged in October 2007 for fraudulent absenteeism. Union filed a grievance on behalf of Taylor to challenge his termination. [Complaint, Docket No. 1, ¶ 4]. The grievance was referred to arbitration according to the procedure described in the collective

bargaining agreement. An arbitrator conducted hearing sessions and rendered his decision on August 25, 2009. [Arbitration Decision, Docket No. 15-2]. The arbitrator found that Taylor had given false reasons for his absences from work and that discipline was warranted. The arbitrator concluded that "reinstatement with no back pay is the appropriate level of punishment for the offenses committed." [*Id.* at pg. 25]. Therefore, the arbitrator ordered AK Steel to reinstate Taylor, but with no back pay. The decision stated that "[t]he arbitrator shall retain jurisdiction of this case until all parties are satisfied that this Award has been carried out." [*Id.*].

However, Taylor did not return to employment with AK Steel.

In his Complaint, Taylor alleges that AK Steel "did not comply with the arbitration award." [Complaint, Docket No. 1, ¶ 4]. The Complaint does not state that Taylor submitted this claim to arbitration or seek any intervention of the arbitrator, who had retained jurisdiction to enforce the award.

In the years following his discharge, Taylor filed other claims against AK Steel. In 2008, he filed a civil action alleging that he had been wrongfully terminated for pursuing a workers' compensation claim. In 2009, he filed a workers' compensation claim alleging a September 2007 work-related injury. [Complaint, Docket No. 1, ¶ 4]. In 2011, he made a claim for severance benefits associated with the closure of AK Steel's coke plant. [Complaint, Docket No. 1, ¶¶ 7-8].

On May 31, 2011, Taylor executed a Settlement Agreement. It resolved "any and all claims . . . which have been claimed, could have been claimed, or could be claimed by Taylor, inclusive of past and future injuries of any type . . . past and future medical expenses, lost wages, impairment of earning capacity, employment benefits, and punitive damages, relating in any

manner to Taylor's employment at AK Steel . . . ." [Settlement Agreement, Docket No. 17]. In the Settlement Agreement, not only did Taylor release any monetary claims, but he also relinquished any right to reinstatement and confirmed his resignation from the Company. [Settlement Agreement, Docket No. 17 , ¶4]. Paragraph 6 of the Settlement Agreement reserved only one claim from the general release of all claims against AK Steel, Taylor's right to apply for Rule-of-65 pension benefits under the Company's pension agreement:

> 6. **The Reserved Claim**. Taylor has asserted a claim that he is eligible to receive Rule-of-65 retirement benefits under the Pension Agreement dated April 1, 2001 (the "Pension Agreement") between AK Steel and Taylor's union. AK Steel disputes that Taylor is eligible to receive Rule-of-65 benefits. The parties agree that Taylor's right to seek a determination of his eligibility for Rule-of-65 benefits through the procedure described in Section 7.1 of the Pension Agreement, or any other relevant sections or agreements, as well as AK Steel's right to defend its position and challenge Taylor's eligibility for Rule-of-65 benefits, is not being released and shall not be affected by this Agreement (the "Reserved Claim"). AK Steel does not waive any defenses it may have to Taylor's position, nor shall this Agreement be construed as defeating Taylor's right to pursue such benefits.

[Settlement Agreement, Docket No. 17, ¶ 6].

In August 2011, Taylor requested and was given an application form for Rule-of-65 benefits under the Pension Plan. A copy of the August 18, 2011 letter providing the application form is attached to the Complaint at Docket No. 1-6] Shortly thereafter, Taylor applied for Rule-of-65 benefits. The application was denied because Taylor's combined age and years of service, as of his last day worked, were not sufficient to qualify him for this particular benefit. Taylor was notified of the denial by letter dated September 13, 2011. A copy of the September 13, 2011 denial letter is attached to the Complaint as Docket No. 1-7.

The Pension Plan sets forth, in detail, the appeal procedure for denial of pension benefits I

3

A participant wishing to challenge a denial of benefits must appeal through arbitration:

> If any difference shall arise between the Company and any participant who shall be an applicant for a pension, or to whom a pension shall be payable, as to such participant's right to a pension or the amount of his pension and agreement cannot be reached between the Company and a representative of the International Union, **such question shall be referred to the arbitrator in accordance with procedures established under the Basic Agreement applicable to production and maintenance employees in the basic steel operations of the Company**; provided, however, that the President of the International Union (or his designee) has given written approval of such referral.

[Docket No. 1-3, p. 35] (emphasis added).

In his Complaint, Taylor alleges that AK Steel wrongfully denied his application for benefits by incorrectly calculating his age and years of service. [Complaint, Docket No. 1, ¶¶ 7, 20, 21, 25, 28]. However, there are no allegations in the Complaint that Taylor pursued an appeal of the denial through the arbitration procedure mandated by the Pension Plan.

Two years later, Taylor instigated this lawsuit against AK Steel and the Union. Taylor alleges that the AK Steel Defendants wrongfully denied his request for Rule-of-65 benefits in 2011. Counts I, II, and III of his Complaint assert various claims under ERISA for these benefits. Count IV alleges a tangential claim that the Company did not comply with a 2009 arbitration award relating to the termination of his employment.

AK Steel Corporation, AK Steel Corporation Benefit Plans Administrative Committee, and AK Steel Corporation Benefit Plans Asset Review Committee ("AK Steel") seek dismissal of all claims alleged them herein.

### III. STANDARD OF REVIEW

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of

law, the plaintiff is entitled to legal relief. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Erie City v. Morton Salt Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. ANALYSIS

### A. Count I of the Complaint fails to state a claim upon which relief can be granted.

In Count I of his Complaint, Taylor asserts a claim under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), arguing that AK Steel's denial of his application for Rule-of-65 benefits violated the Pension Plan.

Pursuant to § 502(a)(1)(B) of ERISA, a plan participant may file a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1129(a)(1)(B). However, "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). Indeed, suits for pension benefits under ERISA are routinely dismissed as a matter of law when the plaintiff has failed to comply with the administrative appeal procedures, including mandatory arbitration provisions, in a benefits plan before filing suit. *See e.g., B Simon v. Pfizer Incorporated*, 398 F.3d 765 (6th Cir. 2005); *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499 (6th Cir. 2004); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86 (6th Cir. 1997).

In this case, the administrative remedy available to Taylor was explicitly set forth in the

Pension and was simple and straightforward, to-wit, commence arbitration proceedings. However, despite this clear path, and the assistance of counsel, Taylor did nothing to pursue his claim for pension benefits until filing this lawsuit. Having failed to comply with the ERISA's administrative scheme, Taylor has forfeited the right to appeal the denial of pension benefits.

In an attempt to resurrect his claim, Taylor argues that he is excused from the exhaustion requirement because proceeding to arbitration would be futile. Futility is a narrow exception to ERISA's exhaustion requirement that has been applied in two scenarios: (1) when the plaintiff's suit is directed to the legality of the plan, not to a mere interpretation of it; or (2) when the defendant lacks the authority to institute the decision sought by the plaintiff. *Dozier v. Sun Life Ins. Co. of Canada,* 466 F.3d 532, 535 (6th Cir. 2006). To meet this "restricted" standard of establishing futility, the plaintiff must "make a clear and positive indication" that administrative review "would have come to naught." *Fallick v. Nationwide Mutual Ins. Co.,* 162 F.3d 410, 419 (6th Cir. 1998).

In his Complaint, Taylor alleges that "pursuing further administrative remedies . . . would be futile here because AK Steel used an incorrect calculation and relied on same in its denial decision . . . ." [Complaint, Docket No. 1, ¶ 30]. Taylor also alleges that the wording in the Settlement Agreement and in a letter from AK Steel's counsel "indicates that AK Steel's position has not changed" as to Taylor's ineligibility for Rule-of-65 benefits. [*Id.*]. These allegations do not establish futility. The doctrine applies when either the plaintiff's action is directed to the legality of the plan, which is not at issue here, or to whether the defendant lacks authority to institute the decision sought by the plaintiff, which is also not at issue here.

Nor has Taylor alleged specific facts to demonstrate with certainty that the appeal

6

process would not have changed the outcome. *Brigolin v. Blue Cross Blue Shield of Michigan*, 516 Fed.Appx. 532 (6th Cir. 2013). Taylor simply disagrees with Defendants' interpretation of the Pension Plan as applied to his application for benefits. A conclusory statement that an administrative remedy would have been futile or that the participant doubts that the appeal would have resulted in a different decision does not establish futility. It ignores the fact that AK Steel would not be the decision maker under the Pension Plan's appeal procedure. A neutral arbitrator would decide the appeal. Only a prophet or the son of a prophet can predict how a neutral arbitrator would have decided Taylor's appeal.

Taylor also argues that the Union prevented him from pursuing his administrative remedies. Specifically, he alleges that he was not provided with a copy of the arbitration award. These Defendants cannot equivocally state that the Union did, in fact, provide Taylor with a copy of the arbitration award. However, the record establishes that Taylor's counsel had a copy of the arbitration award no later than October 22, 2010, when AK Steel attached a complete copy of the award as Exhibit 4 to its Memorandum of Law filed in Taylor's state court action against the company. A copy of the file-stamped copy of the Memorandum of Law is attached to Docket No. 25 as Exhibit I. Therefore, even if, as Taylor alleges, the Union did not provide him with the award, he and his counsel had the award nearly a year before he applied for pension benefits. Further, regardless of when Taylor received a copy of the award, he has failed to explain how not having the award prevented him from complying with the Pension Plan's administrative remedy. Taylor could have pursued his appeal of the pension benefits denial with or without the arbitration decision. Therefore, Taylor's argument is without merit.

Taylor's next attempt to excuse his noncompliance with the requirement that exhaust administrative remedies lays the blame on AK Steel. He argues that AK Steel's denial of his benefits application did not comply with certain requirements in the ERISA regulations. Specifically, Taylor claims that AK Steel's denial letter was not technically compliant with 29 CFR § 2560.503-1(h) and (j), which require a denial notification to include certain information regarding reasons for denial, appeal procedures and deadlines, and access to certain information. Contrary to Taylor's assertion, these sections of the regulation do not apply to the present case. In fact, 29 CFR § 2560.503-1 exempts appeals that are governed by a grievance and arbitration procedure in a collective bargaining agreement from the notification requirements in the sections of the regulation cited by Taylor. AK Steel's collective bargaining agreement sets forth the grievance and arbitration procedure that governs adverse benefit determinations. That procedure is specifically referenced in section 7.1 of the Pension Plan. Therefore, under the regulation quoted above, AK Steel is exempt from the technical requirements of paragraphs (h) and (j) relied upon by Taylor.

As Taylor did not pursue arbitration as required by the Pension Plan, his § 502(a)(1)(B) claim in Count I of the Complaint must be dismissed as a matter of law. *See Simon v. Pfizer Incorporated,* 398 F.3d 765, 773 (6th Cir. 2005)("a compulsory arbitration provision divests the District Court of jurisdiction over claims that seek benefits under an ERISA plan").

**B. Counts II and III of the Complaint fail to state a claim upon which relief can be granted.**

In Count II, Taylor seeks to enjoin AK Steel from violating provisions of the Pension Plan relating to his claim for benefits. [Complaint, Docket No. 1, ¶¶ 32-38]. In Count III, Taylor

alleges a breach of fiduciary duty claim against AK Steel based on the denial of his claim for benefits. [Complaint, Docket No. 1,¶¶ 39-42]. In both Counts II and III, Taylor asserts claims under the catch-all provision of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

Section 502(a)(3) of ERISA authorizes a civil action by a plan participant . . . "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). 502(a)(3) is a "catch-all" provision that does not apply when a plaintiff is able to pursue his claim under another portion of § 502 . *See generally, Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998). In *Wilkins*, Court held that a § 502(a)(3) claim must be dismissed when it is not a separate claim for distinct relief but, rather, a repackaged version of a § 502(a)(1)(B) claim. *Id.* at 615.

Taylor's § 502(a)(3) claims are not separate claims for distinct relief. In fact, in Count II of his Complaint, Taylor characterizes his § 502(a)(3) claim as an "alternative" claim to his § 502(a)(1)(B) benefits claim. He describes the claim as one for equitable relief to require the plan to be "reformed" so that it will provide him with pension benefits. [Complaint, Docket No. 1, ¶ 37]. Similarly, in Count III of the Complaint, Taylor characterizes his § 502(a)(3) breach of fiduciary duty claim as being based on AK Steel's denial of his claim for benefits. [Complaint, Docket No. 1, ¶ 41]. These claims are nothing more than cumulative, restated versions of Taylor's § 502(a)(1)(B) claim based on denial of pension benefits. As such, they must be dismissed as a matter of law.

Taylor claims that his § 502(a)(3) claims are different from his §502(a)(1)(B) claim for benefits. He characterizes those claims as requiring AK Steel "to interpret the plan in accordance with ERISA or reformat the plan," which is another way of stating that Taylor is seeking to have the Pension Plan interpreted in such a way to provide him Rule-of-65 benefits, the same relief he seeks under his § 502(a)(1)(B) claim. He relies upon *Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.2d 833, 839 (6th Cir. 2007). However, *Gore* is inapposite to this case. In *Gore,* the participant asserted two distinct and separate claims, one for denial of long-term disability benefits under § 502(a)(1)(B), and another under § 502(a)(3) based on the administrator's alleged misrepresentations to him about the duration of his benefits. The court held that the plaintiff could maintain both claims because they did not duplicate one another. In so holding, the court stated that a claim for wrongful denial of benefits under § 502(a)(3) would have been duplicative of the § 502(a)(1)(B) claim and subject to dismissal under *Wilkins*.

Taylor's claims in Counts II and III for relief under § 502(a)(3) are nothing more than repackaged versions of Taylor's Count I claim for benefits under § 502(a)(1)(B). As such, they must be dismissed as a matter of law.

### C. Counts IV of the Complaint fails to state a claim upon which relief can be granted.

Taylor asserts that AK Steel did not comply with the arbitration award. He alleges that he has brought this action to "confirm and enforce" the award and that he seeks a "judicial determination requiring AK Steel to comply with the arbitrator's award and for entry of an order enforcing said award." [Complaint, Docket No. 1, ¶¶ 1, 4] . Specifically, in Count IV, Taylor asserts causes of action under the Federal Declaratory Judgment Act, Section 301 of the Labor

Management Relations Act, and the Kentucky Declaratory Judgment Act for the arbitration award to "be recognized and enforced by the Court." [Complaint, Docket No. 1, ¶ 44].

Taylor's claim is a "hybrid" § 301 claim because it combines a claim against AK Steel arising from the collective bargaining relationship with a claim against the Union for breach of its duty of representation. *E.g., Jones v. General Motors Corp.*, 939 F.2d 380, 384 (6th Cir. 1991). It is well established that hybrid § 301 claims are subject to a six-month statute of limitations. *DeCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983).

Taylor's § 301 claim accrued well over six months before the filing of his Complaint in August 2013. His claim revolves around an arbitration decision that was rendered in August 2009. The decision provided for Taylor's reinstatement without back pay. If Taylor is alleging that the Company failed to reinstate him, then he was aware of that fact long before the six-months that immediately preceded the filing of his Complaint.

Similarly, if Taylor is alleging that AK Steel did not properly apply the arbitration award when processing his benefits application, that fact was also known to Taylor well over six months before the filing of his Complaint. The Complaint and its Exhibits establish that Taylor was given an application for pension benefits in August 2011, that he applied for benefits shortly thereafter, and that his application was denied on September 13, 2011.

Notably, It is not clear from the Complaint what Taylor is alleging in this regard. The Court is left guessing whether he maintains that AK Steel did not comply with the arbitration award or, for that matter, what specific relief he is requesting relating to the arbitration award. Regardless, if Taylor believed that AK Steel did not comply with the award, or that the Union did not adequately represent him in enforcing the arbitration award, he was aware of the acts giving

rise to any such claims no later than September 2011, well over six months before the filing of his Complaint. Clearly, Count IV of the Complaint is therefore barred as a matter of law.

## V. CONCLUSION

Taylor did not exhaust his administrative remedies under the Pension Plan, as required by law. He has offered no factual or legal support to excuse his failure to do so. His § 301 claims against AK Steel and the Union are time-barred. For these reasons, Taylor's Complaint must be dismissed as a matter of law for failure to state a claim.

Accordingly, **IT IS HEREBY ORDERED** that AK Steel Corporation, AK Steel Corporation Benefit Plans Administrative Committee, and AK Steel Corporation Benefit Plans Asset Review Committee's Motion to Dismiss [Docket No. 15] be **SUSTAINED**.

This 12th day of May, 2014.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge