UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 13-130-HRW

BRADLEY W. TAYLOR,                                                                   PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

AK STEEL CORPORATION, *et al.*,                                  DEFENDANTS.

## I. INTRODUCTION

This matter is before the Court upon United Steel Workers of America, Local Union 1865 and Michael Hewlitt's Motion to Dismiss Complaint [Docket No. 20]. The motion has been fully briefed by the parties [Docket Nos. 24,26 and 28]. For the reasons stated below, the Court finds that the Complaint fails to state a claim upon which relief can be granted as to these Defendants and should be dismissed pursuant to Fed.R.Civ.Proc. 12(b)(6).

## II. BACKGROUND

This case arises from Plaintiff Bradley Taylor's union membership during his employment at AK Steel's Ashland Coke Plant in Ashland, Kentucky. In his Complaint, he states that his union was "previously identified as USW Local 523 but is now knows as United Steel Workers of America District 8 - Local Union # 1865." [Complaint, Docket No. 1, ¶ 5]. The Court notes that United Steel Workers of America, Local Union 1865 and Michael Hewlitt ("the

Union") dispute Taylor's allegation that they were parties either to the collective bargaining agreement governing his employment with A.K. Steel or to the Pension Agreement referenced in the Complaint. They state that Local 1865 represents only employees at A.K. Steel's Ashland West Works, and as Taylor worked at A.K. Steel's Ashland coke plant, not the West Works, he was never a member of Local 1865. They further state that when the facility closed in 2011, workers there were represented by United Steelworkers Local 523. However, they state that Local 523 was not merged into Local 1865. Plaintiff has not responded directly to this factually dispute.

The Union states in the motion that "for purposes of a motion to dismiss, it is proper to assume the facts as pleaded in the Complaint." Therefore, the Court will address the merits of te Union's motion.

In Counts V-IX of the Complaint, Taylor alleges that the Union Defendants breached their fiduciary duty to Taylor, engaged in civil conspiracy and bad faith, breached the implied covenant of good faith and fair dealing, and were negligent in their handling of Taylor's grievance arbitration and failure to assist him in obtaining retirement benefits.

The Union seeks dismissal as to all the claims alleged against it herein.

### III. STANDARD OF REVIEW

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Erie City v. Morton Salt Inc.*, 702

F.3d 860, 867 (6th Cir. 2012) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

IV. ANALYSIS

The Union argues that Taylor's state law claims are preempted and his federal claims barred by the pertinent state of limitations.

A. **Taylor's Claims are Preempted.**

Section 301 of the Labor Management Relations Act ("LMRA") governs disputes arising from contracts between an employer and a labor organization representing employees. It vests district courts with original jurisdiction. As a result, § 301 generally preempts state law claims alleging that a party has violated a provision of a collective bargaining agreement as well as state law claims which require interpretation of the terms of a collective bargaining agreement. As the Sixth Circuit has explained, "Section 301's sphere of complete preemption extends to state law claims that are 'substantially dependent on analysis of a collective bargaining agreement,' but does not reach claims that only 'tangentially involve CBA provisions.'" *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir.2004) (*quoting Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799–800 (6th Cir.1990)). In other words, "state courts may evaluate state law claims 'involving labor-management relations only if such [claims] do not require construing collective-bargaining agreements.'" *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir.1994) (*quoting Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988)).

The Sixth Circuit follows a two-pronged approach for determining whether § 301 preemption applies. "First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain

3

whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law." *Id.* (citations omitted). If the right arises under state law "and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted." *Id.* If, under the first prong, "the plaintiff can prove all the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement." *Id. (citing Dougherty v. Parsec, Inc.*, 872 F.3d 766, 770 (6th Cir.1989)). Furthermore, "neither a tangential relationship to the CBA, nor the defendant's assertion of the contract as an affirmative defense will turn an otherwise independent claim into a claim dependent on the labor contract." *Id. (citing Fox*, 914 F.2d at 800).

The gravamen of Plaintiff's charges is that he was entitled to a pension but that the Union failed to assist him in obtaining the same. Taylor alleges that the Union "owed a duty to Plaintiff including a fiduciary duty of fair representation to Taylor to represent him when AK Steel denied his retirement. . . . The Union would not assist Taylor in applying for retirement and appealing AK Steel's wrongful denial of Taylor's retirement." [Complaint, Docket No. 1, ¶ 47]. He asserts that the "Union and other Defendants had a corrupt agreement and an unlawful plan in place to preclude Plaintiff from obtaining his benefits from the arbitration award and the Plan and the shut-down. . . . The Union intentionally kept Plaintiff in the dark concerning his rights as an employee and his rights to appeal and his rights to receive benefits. . . .The Union conspired with other Defendants in furtherance of the conspiracy to prevent plaintiff from receiving benefits he was entitled to receive under the arbitration award, and under the plan and the shut-down." [Complaint, Docket No. 1, ¶ 48]. The source of Plaintiff's purported right to a pension was the Pension Agreement, and the Court inevitably would have to ascertain what benefits

4

Plaintiff was actually entitled to under that Agreement to adjudicate his overheated claims. In such a circumstance, state law claims are preempted.

Contrary to Taylor's assertion, the Pension Agreement, although not a classic CBA, triggers section 301 preemption. Section 301 applies to "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. The preemptive effect of section 301 is not limited to traditional collective bargaining agreements but also includes other contracts between employers and labor organizations. *In re General Motors Corp.*, 3 F.3d 980, 983-984 (6th Cir. 1993). It is well-established that collectively bargained pension plans are "contracts" subject to section 301 preemption. *Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 456-457 (6th Cir. 1992); *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1215-1216 (6th Cir. 1987). It is undisputed that the Pension Agreement was a collectively-bargained contract between AK Steel and the Union. Plaintiff's conclusory statements to the contrary notwithstanding, the Pension Agreement is exactly the same as any other collective bargaining agreement for purposes of section 301 preemption . As every one of Plaintiff's state law claims rests on rights created by the Pension Agreement or would require the Court to interpret the Pension Agreement, they are all preempted pursuant to § 301.

In addition, Taylor makes claims related to the arbitration award and settlement agreement. These, too are governed by section 301. In *Jones v. General Motors Corp.*, 939 F.2d 380, 383 (6th Cir. 1991), the plaintiff alleged union misconduct in declining to reopen a grievance after a settlement agreement . The *Jones* Court found that" the settlement agreement itself is a creature wholly begotten by the CBA. . . . The settlement agreement was the settlement of a grievance filed on Jones's behalf by the union pursuant to the dispute resolution procedures

5

of the CBA.... Jones's claim is the archetype of a state-law claim that by its very nature involves an examination of the employment relationship of parties to a CBA, and is therefore preempted." *Id.* Just as a settlement agreement arising from a grievance is a creature of a collective bargaining agreement, so too is an arbitral award arising from a grievance.

Plaintiff makes much of the distinction between the state law contract claims asserted in *Jones* and his tort claims. However, the criteria for preemption equally. *Mattis v. Massman*, 355 F.3d 902, 905-906 (6th Cir. 2002)("Preemption under § 301 applies not only to state law contract claims, but has been expanded to include state law tort claims as well.").

Taylor has not articulated any theory of the Union Defendants' liability that is clearly independent of the collectively bargained contract and pension plan. Accordingly, the plaintiff's state law claims are preempted and should be treated as § 301 claims.

**B.  Taylor's § 301 Claims are Time-Barred.**

The six month statute of limitations established by § 10(b) of the National Labor Relations Act applies to hybrid § 301 actions. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 172 (1983).

In this case, the most generous possible reading of the Complaint would indicate that the limitations period began on Taylor's claims against the Union well before 2013. The arbitration Taylor accuses the Union Defendants of mishandling concluded in 2009. The Complaint states that the 2011 Settlement Agreement between Taylor and A.K. Steel occurred "subsequent" to A.K. Steel's refusal to reinstate Taylor as required by the arbitral award. Therefore, 2011 is therefore the latest that Taylor could have become aware that A.K. Steel would not be reinstating

6

him, the time for filing a § 301 claim against A.K. Steel or the Union Defendants has long since passed. Moreover, Taylor would have been on notice that A.K. Steel had incorrectly calculated his service time for retirement purposes when he received the March 31, 2011, Pension Statement or, at the latest, after his pension application was denied on September 13, 2011. The September 13, 2011, letter, which advised Taylor he had a right to appeal, was sent almost two years prior to the date of the Complaint. As such, his claims are time barred.

Notably, Taylor does not dispute that a six-month statute of limitations applies to hybrid section 301 claims. Rather, he contends that this action was filed within the limitations period because he became aware of the Union's breach of its duty to represent him when he received the Union's August 13, 2013, letter, or, in the alternative, because this is a continuing violation. Neither argument has any basis. A reasonably diligent person in the Plaintiff's position would have become aware that the Union was not assisting him in securing his alleged rights well before August of this year, and the continuing violation doctrine does not apply to a union decision not to challenge an employer's action. The six-month limitations period begins to run when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir. 1985).

Nor can Taylor's claim be characterized as a continuing violation and, thus, subject to an extended period of limitations. The alleged wrong here, the refusal to grieve or otherwise contest AK's transgressions, was not ongoing. *See Bowerman v. International Union, United Automobile Workers of America*, 646 F.3d 360, 367 (6th Cir. 2011); *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001 (6th Cir. 1994). Indeed, courts have consistently refused to apply the

continuing violation doctrine to instances in which unions have failed to pursue remedies for companies' violations of labor agreements. *See Noble*, 32 F.3d at 1001 (holding no continuing violation where the union steward refused to process grievance).

Taylor waited to bring suit until four years after the conclusion of his arbitration and nearly two years after the denial of his pension application. Taylor has no excuse for why he tarried. Accordingly, his hybrid § 301 claims are barred by the statute of limitations as a matter of law.

### C. Michael Hewlitt is Immune from Suit.

To the extend that Taylor seeks monetary damages from Local 1865 President Michael Hewlitt, the claim must be dismissed because Hewlitt is immune from liability under § 301(b). The statute provides that "[a]ny money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b).

### V. CONCLUSION

Taylor's claims against the Union Defendants must be dismissed. The statements in his Complaint demonstrate that his state law claims are preempted and that any federal claims are barred by the applicable six-month statute of limitations. Accordingly, **IT IS HEREBY ORDERED** that United Steel Workers of America, Local Union 1865 and Michael Hewlitt's Motion to Dismiss Complaint [Docket No. 20] be **SUSTAINED**.

This 12th day of May, 2014.



8